**Eric Carson WYNN, Appellant,**

v.

**Heather JOHNSON, Appellee.**

No. 06–06–00013–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 14, 2006.

Decided Aug. 24, 2006.

Eric Carson Wynn, Abilene, pro se.

Katie Nielson, Bankhead Attorneys at Law, Carthage, for appellee.

Alex Tyra, Law Office of Alex Tyra, Longview, for ad litem child.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

The parties agree that Eric Carson Wynn was finally convicted of sexually assaulting Heather Johnson, who, at about the time of the assault, conceived a child. After his conviction, Wynn initiated this separate proceeding under Chapter 160 of the Texas Family Code, the "Uniform Parentage Act," to establish the parent-child relationship with Johnson's child. In the same proceeding, however, Wynn alternatively sought DNA testing under Chapter 160 [1] to show that he was not the child's father, thereby, he argues, undermining the sexual assault conviction. From the trial court's dismissal of Wynn's action,[2] and with a limited record, Wynn appeals on the sole issue that the trial court's dismissal of the action denied Wynn the due process of law guaranteed by the United States Constitution. We affirm the trial court's dismissal because we hold that Wynn was not denied the due process of law.

Unlike parental rights termination proceedings, there is no statutory right to counsel under the genetic testing provisions of the Texas Family Code. *Compare* TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp.2006) (post-conviction DNA testing; indigent's statutory right to appointment of counsel) *with* TEX. FAM.CODE ANN. §§ 160.601, 106.603–.606, 106.611, 106.621–.632, 106.634–.637 (Vernon 2002), §§ 106.602, 160.607–.608, 160.612, 106.633 (Vernon Supp.2006) (parentage proceedings; no statutory right to appointment of counsel).

■ Wynn cites Section 24.016 of the Texas Government Code as authority that he should have been appointed counsel. That section is not applicable, not mandating the appointment of counsel, but merely stating that a court "may appoint counsel" in an appropriate civil case. *See* TEX. GOV'T CODE ANN. § 24.016 (Vernon 2004).

■ Wynn is partially correct in his next paragraph, namely his claim that Section 107.013 of the Texas Family Code requires appointment of counsel in parental rights termination cases. That section

---

1. Wynn's alternative request for DNA testing under Chapter 160 should not be confused with post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure, which is not in issue here.

2. Before dismissal of the action, Johnson, the child's mother and defendant herein, filed a counterclaim asking that, if Wynn were determined to be the father, his parental rights be terminated on two grounds: (a) that Wynn's criminal conduct caused his imprisonment and his resulting inability to care for the child for at least two years, *see* TEX. FAM.CODE ANN. § 161.001(1)(Q) (Vernon Supp.2006); and (b) that Wynn, as a result of sexually assaulting Johnson, impregnated Johnson with the child made the subject of the suit. *See* TEX. FAM.

CODE ANN. § 161.007 (Vernon 2002). The trial court's order, from which Wynn appeals, (1) recites that Wynn participated in a December 1, 2004, hearing by telephone; (2) finds that Wynn's action is not for the purpose of establishing the parent-child relationship with Johnson's child, but for the purpose of gathering evidence in a "related criminal case," presumably his sexual assault conviction; (3) finds that paternity testing is not in the best interest of the child, *see* TEX. FAM.CODE ANN. § 160.608 (Vernon Supp.2006); and, as a result, (4) dismisses Wynn's action "and all related matters pending in this cause," including, in our view, Johnson's counterclaim, which Johnson states had previously been abandoned.

requires appointment of counsel for indigent parents against whom *a government entity* seeks termination of their parental rights. *See* TEX. FAM.CODE ANN. § 107.013(a) (Vernon Supp.2006). This section is also inapplicable to Wynn's case, because no government entity sought termination of his parental rights.

 Finally, without citing to the source of the quote, Wynn makes his sole constitutional argument: "When deprivation of parental [rights] status is at stake, counsel is part of the process that is due." After finding the source of Wynn's quote, we noticed an important omission from Wynn's version of the quote. The proper quote is, "When deprivation of parental status is at stake, however, counsel is *sometimes* part of the process that is due." *M.L.B. v. S.L.J.*, 519 U.S. 102, 123, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996) (emphasis added). The important point is that there is no blanket rule requiring appointment of counsel for indigent parents whose parental rights are being terminated. *M.L.B.* cites to *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 30–33, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), which calls for a case by case weighing of various factors to determine whether, before termination of parental rights can be ordered, counsel must be appointed for an indigent parent.[3] But we need not engage in that weighing process. Wynn has not been denied due process, because his parental rights, if any, have not been affected. That is because the entire action, including Johnson's counterclaim for termination of Wynn's parental rights, was dismissed, along with Wynn's suit to establish a parent-child relationship and, alternatively, for DNA testing.

There was no error in dismissing the case without appointing counsel to represent Wynn. We affirm the judgment.

---

**3.** In *Lassiter,* the Court refused to issue a blanket rule calling for appointment of counsel for indigents whose parental rights are in jeopardy, but instead engaged in an analysis of various factors, such as whether there was at risk any further criminal liability, whether the proceeding was unduly complex, and whether counsel would have made any difference in that case. *See Lassiter,* 452 U.S. at 30–33, 101 S.Ct. 2153.