NO. 07-06-0371-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 14, 2007
_____

IN THE INTEREST OF T.L.B., A CHILD
_____

FROM THE COUNTY COURT AT LAW #2 OF POTTER COUNTY;

NO. 72,293; HONORABLE PAMELA SIRMON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Levohn H. Brown brings this appeal from an order terminating his parental rights to his son, TLB. Acting pro se, appellant complains of numerous acts and omissions in the trial court which, he posits, deprived him of due process and require reversal of the termination order. Agreeing, we reverse the trial court's order and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Brown's marriage to appellee Shanda L. Vance was terminated by a 1998 divorce decree of the 114th District Court of Wood County, Texas. The decree named the parties joint managing conservators of the couple's two children, TLB and MLB. A 1999 modification order gave Brown the right to determine the children's residence. Both children were living with him in Indiana in February 2000 when MLB died as a result of injuries caused by Brown. He was convicted of her murder. TLB, who is now twelve years old, has lived with Vance since July 2000 and Brown remains incarcerated in Indiana.

Vance filed suit in Potter County in November 2005 seeking termination of Brown's parental rights to TLB. That suit was assigned cause number 71632-2[2] in the Potter County Court at Law No. 2. Brown was served and responded in December with a letter to the district clerk requesting appointment of an attorney. In February 2006 Vance filed a notice of non-suit stating she no longer desired to prosecute the suit. The trial court signed an order dismissing the case. *See* Tex. Fam. Code Ann. § 161.203 (Vernon 2002) (non-suit in termination proceeding requires approval of court).

Vance then filed a virtually identical petition in the 114th District Court of Wood County on March 28, 2006, under the original divorce cause number 98-208. Citation was

---

[1] Recitation of the procedural history of this appeal requires we take notice of the record in the companion appeal assigned docket number 07-06-0372-CV. *See Douglas v. American Title Co.,* 196 S.W.3d 876, 883 n.1 (Tex.App.–Houston [1st Dist] 2006, no pet.).

[2] This cause number also appears as 71632-00-2. It is clear both numbers refer to the same case.

issued by the Wood County district clerk, and served on Brown on May 1, 2006.[3] The district court in Wood County signed an order transferring the case back to Potter County Court at Law No. 2 on April 7, 2006. The documents from Wood County were filed-marked in Potter County on April 18, and the transferred case was assigned cause number 72293-2.

Brown's brief states that he received notice from Wood County on May 27 that the case had been transferred to Potter County.[4] In July 2006 Brown filed four motions with the Potter County district clerk in which he sought discovery, asserting he had not received copies of motions or other documents filed in the case, sought an "enlargement of time," and requested to participate at trial by video conference. The motions bore the cause number of the non-suited Potter County case, 71632-00-2, and were filed under that number. The record does not reflect further action taken with respect to the motions, nor does it reflect further communication directed to Brown until after the hearing on the termination petition in cause number 72293-2.

---

[3] The return of service does not appear in the record provided us, but Brown's brief acknowledges he was served on that date, and he attached a copy of the officer's return to his brief. The return apparently was contained in the trial court's file because the trial court made reference to it on the record. Vance's counsel also stated the May 1, 2006 service date during the final hearing. Brown also represents he filed a response in Wood County on May 10, 2006, without notice the case had been transferred. That response does not appear in the record.

[4] Vance has not contradicted the statement, so we accept it as true. See Tex. R. App. P. 38.1(f) (in a civil case, court will accept as true facts stated in appellant's brief unless contradicted by another party).

At the hearing in cause number 72293-2, held August 30, 2006, Vance represented to the court through counsel that Brown had not responded to the suit. Vance was the only witness at the hearing. The trial court's order terminating Brown's parental rights was signed the same day, and recited Brown was cited but "did not appear and wholly made default." On September 20, after receiving a copy of the order, Brown filed a notice of appeal in cause numbers "72,293, 71632-00-2, and 98-208." The notice was filed in both Potter County cause numbers. Trial court cause number 71632-2 was docketed on appeal under number 07-06-0372-CV and cause number 72293-2, under number 07-06-0371-CV. We dismissed the appeal in 07-06-0372-CV on October 26, 2006 for want of jurisdiction. *Brown v. Vance*, No. 07-06-0372-CV (Tex.App.–Amarillo October 26, 2006, no pet.) (memorandum op.).

DISCUSSION

Brown's issues on appeal each support his core argument the trial court proceeding denied him due process in violation of the Fourteenth Amendment to the United States Constitution. Vance's brief does not address the merits of Brown's argument but seeks affirmance on the basis Brown waived any complaints by failing to present his complaints to the trial court and by deficient briefing on appeal.

At a minimum, procedural due process rights protected by the Fourteenth Amendment require that a defendant have notice and an opportunity to be heard. *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14, 70 S.Ct. 652, 94 L.Ed. 865

4

(1950). The fundamental liberty interests implicated by termination of parental rights make the need for procedural protections critical. *Santosky v. Kramer*, 455 U.S. 745, 769, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (termination sought by state); *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985) (citing *Santosky* in private termination action). As courts often have noted, due process incorporates the requirements of fundamental fairness. *See, e.g., In re B.L.D.*, 113 S.W.3d 340, 351-52 (Tex. 2003) (applying requirements of due process to termination proceeding); *In re Marriage of Runberg*, 159 S.W.3d 194, 201 (Tex.App.–Amarillo 2005, no pet.) (Reavis, J., dissenting) (due process implies fundamental fairness in the context of the particular case).

Vance's reliance on Rule of Appellate Procedure 33.1 requiring preservation of complaints by timely request, objection, or motion to the trial court is misplaced where, as here, the record shows the complaining party had no opportunity to present complaints to the trial court. The cases she cites involved appellants who did have such opportunity. *See, e.g., Dreyer v. Greene*, 871 S.W.2d 697 (Tex. 1993) (plaintiff's failure to present due process argument in trial court was waiver); *Pratt v. Trinity Projects, Inc.*, 26 S.W.3d 767, 769 (Tex.App.–Beaumont 2000, pet. denied) (waiver by plaintiff). *See also In re J.P.H.*, 196 S.W.3d 289, 295 (Tex.App.–Eastland 2006, no pet.) (finding waiver, court noted appellant had opportunity to file motion to recuse). Considered in conjunction with its companion, No. 07-06-0372-CV, the record in this appeal shows appellant was not afforded that opportunity.

Brown was served with citation issued in Wood County, but, by the time he was served via a citation that instructed him to appear in that county, the case had been transferred to Potter County some two weeks before. The record shows the transfer was not made in accordance with the procedure established by the Family Code. *See* Tex. Fam. Code Ann. § 155.204 (Vernon Supp. 2006). The transfer order was signed before expiration of the statutory period in which a controverting affidavit objecting to the transfer could be filed. *See* § 155.204(d) (affidavit opposing transfer due on first Monday after 20th day after service).[5] More significantly, it appears that Brown was not notified that the transferred suit had been docketed in Potter County, as required by § 155.207(c). That notice, of course, would have given Brown the proper cause number for the transferred suit. His ignorance of the cause number assigned to the case on transfer from Wood County led to the filing of his motions in the wrong cause, which apparently led in turn to Vance's counsel's mistaken belief, and representation to the trial court, that a default judgment was proper.

Although Brown was given notice of the filing of the termination petition through service of citation, we find that the events occurring after the petition's filing in Wood County deprived Brown of due process of law. Accordingly, we reverse the trial court's order and remand for further proceedings affording Brown a reasonable opportunity to be heard on the merits of the termination proceeding.

---

[5] The record does not show when the motion to transfer was filed, or when (or if) Brown was given notice of the filing of the motion, but the transfer order was signed prematurely even if the motion was filed with the petition to terminate on March 28 and notice given at that time.

As the issue will likely arise on retrial, we overrule appellant's first issue complaining of the trial court's failure to appoint counsel to represent him in the termination proceeding. *See Wynn v. Johnson*, 200 S.W.3d 830, 832 (Tex.App.--Texarkana 2006, no pet.); Tex. Fam. Code Ann. § 107.013 (Vernon Supp. 2006) (requiring counsel be appointed only when termination sought by a governmental entity).

James T. Campbell
Justice