NO. 07-07-0245-CV and 07-07-0431-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 2, 2007


______________________________



IN RE R. WAYNE JOHNSON, RELATOR


_________________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON MOTION FOR RECUSAL


 Pending before the Court is the motion brought by relator R. Wayne Johnson to
recuse the Court with regard to his writs of mandamus filed in this Court and directed
against two district judges. 

 Relator's motion seeks recusal of this entire Court. We have denied a similar
motion filed by relator in the past. In re Johnson, 2004 WL 2331065 (Tex.App.-Amarillo
2004, orig. proceeding). Here, relator's stated grounds for the Court's recusal include his
statements that the clerk of this Court does not provide case numbers to prisoners; (1) that
relator has pending in the Texas Supreme Court a mandamus proceeding directed against
this Court; (2) that this Court has failed to comply with the Supremacy Clause of the United
States Constitution; and that this Court has shown bias and prejudice against him, contrary
to the justices' oaths of office, the Code of Judicial Conduct and our duty to follow the
requirements of the U. S. Constitution rather than contrary procedural rules. The grounds
for recusal of an appellate court justice are the same as those provided in the Rules of Civil
Procedure. Tex. R. App. P. 16.2; Tex. R. Civ. P. 18b(2). Those grounds include, inter alia,
circumstances in which a judge's impartiality might reasonably be questioned and in which
a judge has a personal bias or prejudice concerning the subject matter or a party. Tex. R.
Civ. P. 18b(2)(a), (b). The procedures governing recusal provide for motions "to recuse
a justice or judge before whom the case is pending" and provide for a decision on the
motion regarding the "challenged justice or judge." Tex. R. App. P. 16.3(a), (b) (emphasis
ours). See McCullough v. Kitzman, 50 S.W.3d 87 (Tex.App.-Waco 2001, pet. denied)
(motion to disqualify or recuse "each of the justices" of the court). But see Cadle Co. v.
Lobingier, 2003 WL 21525417 (Tex.App.-Fort Worth, July 3, 2003, order). Relator's
motion, however, refers to this Court as a whole, his prayer for relief asking "[t]hat court
recuse itself . . . ." The motion does not seek the recusal of one or more individual justices
of the Court, nor does it assert that grounds exist for the recusal of any individual justice
of this Court. Consequently, relator's motion to recuse is denied. 

 Per Curiam 
1. Relator is a Texas prison inmate acting pro se. We presume relator's reference
to "case numbers" refers to cause numbers the Court assigns to newly-filed proceedings.
2. See In re R. Wayne Johnson, No. 07-0603, September 14, 2007 (petition for writ
of mandamus denied). Relator's petition was pending in the supreme court when he filed
his motion to recuse.



on directed to Brown until after the hearing on the
termination petition in cause number 72293-2.

 At the hearing in cause number 72293-2, held August 30, 2006, Vance represented
to the court through counsel that Brown had not responded to the suit. Vance was the only
witness at the hearing. The trial court's order terminating Brown's parental rights was
signed the same day, and recited Brown was cited but "did not appear and wholly made
default." On September 20, after receiving a copy of the order, Brown filed a notice of
appeal in cause numbers "72,293, 71632-00-2, and 98-208." The notice was filed in both
Potter County cause numbers. Trial court cause number 71632-2 was docketed on appeal
under number 07-06-0372-CV and cause number 72293-2, under number 07-06-0371-CV. 
We dismissed the appeal in 07-06-0372-CV on October 26, 2006 for want of jurisdiction. 
Brown v. Vance, No. 07-06-0372-CV (Tex.App.-Amarillo October 26, 2006, no pet.)
(memorandum op.)

DISCUSSION

 Brown's issues on appeal each support his core argument the trial court proceeding
denied him due process in violation of the Fourteenth Amendment to the United States
Constitution. Vance's brief does not address the merits of Brown's argument but seeks
affirmance on the basis Brown waived any complaints by failing to present his complaints
to the trial court and by deficient briefing on appeal. 

 At a minimum, procedural due process rights protected by the Fourteenth
Amendment require that a defendant have notice and an opportunity to be heard. 
Armstrong v. Manzo, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Mullane v.
Central Hanover Bank & Trust Co., 339 U.S. 306, 313-14, 70 S.Ct. 652, 94 L.Ed. 865
(1950). The fundamental liberty interests implicated by termination of parental rights make
the need for procedural protections critical. Santosky v. Kramer, 455 U.S. 745, 769, 102
S.Ct. 1388, 71 L.Ed.2d 599 (1982) (termination sought by state); Holick v. Smith, 685
S.W.2d 18, 20 (Tex. 1985) (citing Santosky in private termination action). As courts often
have noted, due process incorporates the requirements of fundamental fairness. See, e.g.,
In re B.L.D., 113 S.W.3d 340, 351-52 (Tex. 2003) (applying requirements of due process
to termination proceeding); In re Marriage of Runberg, 159 S.W.3d 194, 201
(Tex.App.-Amarillo 2005, no pet.) (Reavis, J., dissenting) (due process implies
fundamental fairness in the context of the particular case). 

 Vance's reliance on Rule of Appellate Procedure 33.1 requiring preservation of
complaints by timely request, objection, or motion to the trial court is misplaced where, as
here, the record shows the complaining party had no opportunity to present complaints to
the trial court. The cases she cites involved appellants who did have such opportunity. 
See, e.g., Dreyer v. Greene, 871 S.W.2d 697 (Tex. 1993) (plaintiff's failure to present due
process argument in trial court was waiver); Pratt v. Trinity Projects, Inc., 26 S.W.3d 767,
769 (Tex.App.-Beaumont 2000, pet. denied) (waiver by plaintiff). See also In re J.P.H.,
196 S.W.3d 289, 295 (Tex.App.-Eastland 2006, no pet.) (finding waiver, court noted
appellant had opportunity to file motion to recuse). Considered in conjunction with its
companion, No. 07-06-0372-CV, the record in this appeal shows appellant was not
afforded that opportunity. 

 Brown was served with citation issued in Wood County, but, by the time he was
served via a citation that instructed him to appear in that county, the case had been
transferred to Potter County some two weeks before. The record shows the transfer was
not made in accordance with the procedure established by the Family Code. See Tex.
Fam. Code Ann. § 155.204 (Vernon Supp. 2006). The transfer order was signed before
expiration of the statutory period in which a controverting affidavit objecting to the transfer
could be filed. See § 155.204(d) (affidavit opposing transfer due on first Monday after 20th
day after service). (5) More significantly, it appears that Brown was not notified that the
transferred suit had been docketed in Potter County, as required by § 155.207(c). That
notice, of course, would have given Brown the proper cause number for the transferred
suit. His ignorance of the cause number assigned to the case on transfer from Wood
County led to the filing of his motions in the wrong cause, which apparently led in turn to
Vance's counsel's mistaken belief, and representation to the trial court, that a default
judgment was proper. 

 Although Brown was given notice of the filing of the termination petition through
service of citation, we find that the events occurring after the petition's filing in Wood
County deprived Brown of due process of law. Accordingly, we reverse the trial court's
order and remand for further proceedings affording Brown a reasonable opportunity to be
heard on the merits of the termination proceeding. 

 As the issue will likely arise on retrial, we overrule appellant's first issue complaining
of the trial court's failure to appoint counsel to represent him in the termination proceeding. 
See Wynn v. Johnson, 200 S.W.3d 830, 832 (Tex.App.--Texarkana 2006, no pet.); Tex.
Fam. Code Ann. § 107.013 (Vernon Supp. 2006) (requiring counsel be appointed only
when termination sought by a governmental entity). 


 James T. Campbell

 Justice







 

 

1. Recitation of the procedural history of this appeal requires we take notice of the
record in the companion appeal assigned docket number 07-06-0372-CV. See Douglas
v. American Title Co., 196 S.W.3d 876, 883 n.1 (Tex.App.-Houston [1st Dist] 2006, no
pet.).
2. This cause number also appears as 71632-00-2. It is clear both numbers refer to
the same case.
3. The return of service does not appear in the record provided us, but Brown's brief
acknowledges he was served on that date, and he attached a copy of the officer's return
to his brief. The return apparently was contained in the trial court's file because the trial
court made reference to it on the record. Vance's counsel also stated the May 1, 2006
service date during the final hearing. Brown also represents he filed a response in Wood
County on May 10, 2006, without notice the case had been transferred. That response
does not appear in the record.
4. Vance has not contradicted the statement, so we accept it as true. See Tex. R.
App. P. 38.1(f) (in a civil case, court will accept as true facts stated in appellant's brief
unless contradicted by another party).
5. The record does not show when the motion to transfer was filed, or when (or if)
Brown was given notice of the filing of the motion, but the transfer order was signed
prematurely even if the motion was filed with the petition to terminate on March 28 and
notice given at that time.