

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00021-CV
_____

ERIC CARSON WYNN, Appellant

V.

HEATHER JOHNSON, Appellee

On Appeal from the 307th District Court
Gregg County, Texas
Trial Court No. 2003-834-DR

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

In 2000, Eric Carson Wynn was convicted of aggravated sexual assault pursuant to his plea of guilty. *Wynn v. State*, No. 06-12-00103-CR, 2012 WL 4350440, at *1 (Tex. App.—Texarkana Sept. 24, 2012, pet. ref'd) (mem. op., not designated for publication). The "supporting evidence included Wynn's DNA recovered from the person of the victim." *Id.* Wynn believes DNA testing "of the child born to the victim in the aftermath of the assault" will prove "that he was not the child's father, therefore proving he was innocent of the assault." *Id.* He has filed criminal and civil appeals with this Court,[1] all with the goal of reaching the same result.

While incarcerated, Wynn filed a petition to establish the paternity of the child on April 11, 2003. The child's mother filed a counter-petition for the protection of the child and a suit to terminate Wynn's parent-child relationship. On December 12, 2005, after a telephonic hearing, the trial court entered the following order dismissing Wynn's petition:

> The Court finds that the Petition To Establish Parent Child Relationship wherein DNA testing is sought is not to establish the Parent Child relationship but to create evidence in a related criminal case. The court finds that it is not in the best interest of the child to order paternity testing. IT is Therefore Ordered that the Petition to Establish Parent Child Relationship and all related matters pending in this cause are dismissed.

We upheld this dismissal order in an opinion entered in 2006. *Wynn*, 200 S.W.3d at 832.

Six years later, on November 13, 2012, Wynn filed a motion to enforce an order entered by the trial court on September 3, 2004, granting paternity testing. This was Wynn's second

---

[1]*See Wynn*, 2012 WL 4350440; *Wynn v. Johnson*, 200 S.W.3d 830 (Tex. App.—Texarkana 2006, no pet.); *see also Wynn v. State*, No. 06-10-226-CR, 2011 WL 5865710 (Tex. App.—Texarkana Nov. 23, 2011, pet. ref'd) (mem. op., not designated for publication); *In re Wynn*, No. 06-05-00137-CV, 2005 WL 3487853 (Tex. App.—Texarkana Dec. 22, 2005, orig. proceeding) (mem. op.).

motion to enforce this order. Wynn had previously appealed the denial of a motion to enforce this order. In denying mandamus relief, we wrote:

> Wynn first asks this Court to order the trial court to revise an order dated September 4, 2004. The trial court has, however, subsequently made the September 2004 order void by entering a final order of dismissal. As there is no longer an effective order to be modified or revised, Wynn's first issue is moot.

*Wynn*, 2005 WL 3487853, at *1. Finding that "the Order Mr. Wynn seeks to enforce is no longer in effect and unenforceable," the trial court entered another order denying Wynn's motion to enforce on March 5, 2013.

On December 3, 2012, Wynn filed a petition "To Modify Final Judgment on Determination of Parentage," although no such final determination is contained in the clerk's record. In this motion, Wynn sought DNA testing of the child although he "continu[ed] to deny parentage." On December 13, 2012, the trial court entered the following order dismissing Wynn's petition for modification:

> On December 3, 2012, Petitioner, Eric Carson Wynn, filed his Petition to Modify Final Judgment on Determination of Parentage. By Order of this Court signed December 12, 2005, this Court dismissed Mr. Wynn's Petition to Establish the Parent-Child Relationship, which was originally filed on April 11, 2003. In his modification action, Mr. Wynn seeks to modify the order dismissing his prior action. Because said dismissal order is not an order capable of modification under Chapter 156 of the Texas Family Code, the Court hereby dismisses Mr. Wynn's modification action.
> Therefore, IT IS ORDERD, that Petitioner's Petition to Modify Final Judgment on Determination of Parentage is, in all things, DISMISSED.

Now, Wynn has filed a pro se brief appealing the dismissal of his petition to modify final judgment on determination of parentage and the denial of the motion to enforce the September 4, 2004, order. However, the points of error in the brief suggest that Wynn seeks only to re-appeal

the trial court's 2005 dismissal. In his first point of error, Wynn argues that "THE TRIAL COURT'S DECEMBER 12, 2005 ORDER [IS] VOID, AB INITIO" and raises issues fully decided in our 2006 opinion affirming the court's 2005 dismissal. *See Wynn*, 200 S.W.3d at 831–32. Likewise, his second point of error, contending that his rights to procedural due process were denied because he did not have the benefit of appointed counsel, was also addressed in our prior opinion. *See id.* Without supporting authority, Wynn argues that he was denied due process prior to entry of the 2005 dismissal because he was "DENIED [a] bench warrant, DENIED written orders on trial court rulings; [and] hauled down to a telephone hearing appearance without formal prior notice or adequate preparation of time." He also alleges that the trial judge who dismissed the suit in 2005 was not impartial.[2]

Wynn's brief seeks merely to re-litigate matters that have been previously decided by this Court. His arguments on appeal turn on whether the trial court's 2005 order is proper. We have previously decided this issue against Wynn. Accordingly, we find both the trial court's order denying enforcement of the September 4, 2004, order granting DNA testing and the trial court's dismissal of Wynn's motion to modify the final judgment on determination of parentage proper.

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     October 24, 2013
Date Decided:       October 25, 2013

---

[2]Wynn claims that the trial judge in 2013 "followed" the prior judge's "example."