

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00377-CV

———————————————

IN THE INTEREST OF L.R., A CHILD

---

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-618103-17

---

Before Sudderth, C.J.; Gabriel and Wallach, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellant J.C.[1] appeals from the dismissal of his petition to adjudicate parentage. *See* Tex. Fam. Code Ann. §§ 160.635, 160.636. In his restricted appeal, he challenges the trial court's pre-dismissal notice procedures and the trial court's failure to hear and grant his motion for appointed counsel. Because J.C. has failed to show error apparent on the face of the record, we affirm the trial court's dismissal.

## I. BACKGROUND

### A. THE FIRST NOTICE

On May 2, 2017, J.C., proceeding pro se and incarcerated, filed a suit affecting the parent–child relationship to adjudicate the parentage of L.R. *See id.* § 160.601(a). J.C. did not file a statement of inability to afford payment of court costs.[2] *See* Tex. R. Civ. P. 145. Eight months later, on January 2, 2018, the trial court's court coordinator warned J.C. that his case would be placed on the dismissal docket. On January 24, J.C. responded to the coordinator's warning, seeking more time to "pursue this matter further." The coordinator informed J.C. that his case would be removed from the

---

[1]We use initials to refer to the parties to protect the identity of the minor at issue. *See* Tex. R. App. P. 9.9.

[2]J.C. noted that he had been ruled indigent in his criminal conviction, but the record does not reflect that he sought indigent status in his subsequent and separate petition to adjudicate parentage in the trial court. J.C. filed an indigency statement in this court after he filed his notice of appeal. *See* Tex. R. App. P. 20.1.

dismissal docket, but she again advised that his case would be dismissed "if the matter ha[d] not been finalized" by late 2018.

## B. J.C.'S FILINGS

On February 13, 2018, J.C. amended his petition; L.R.'s mother filed a general denial. On March 29, J.C. filed a motion for the appointment of "ad litem" counsel to represent him. On April 10, the trial court signed an order requiring J.C. and L.R. to provide DNA samples for parentage testing and "bench warranted" J.C. from the Robertson Unit of the Texas Department of Criminal Justice.[3] *See* Tex. Fam. Code Ann. § 160.502.

Six weeks later, J.C. asked for notification of "the docket setting" for his motion for counsel. On July 30, J.C. requested that his petition be assigned to an associate judge "for final disposition." In August, J.C. asked the court coordinator for the "status" of his case and requested a copy of the docket sheet from the trial court clerk. The court coordinator notified J.C. that his case was "pending," that the trial court had previously ordered parentage DNA testing, and that the trial court could not "appoint counsel for [him] in this paternity matter."

---

[3]It appears J.C. drafted the order.

After J.C. informed the court coordinator three times that he had not had a parentage DNA sample taken,[4] the trial court judge informed J.C. on October 18 that because his petition was a "private proceeding" not involving the Attorney General, she was unaware how to obtain a DNA sample from him. *See id.* § 160.506. The judge asked when J.C. was projected to be released. On November 15, J.C. sent a letter to the trial court judge, stating that his DNA had "<u>never</u> [been] obtained"; J.C. did not respond to the trial court's release-date inquiry.

## C. THE SECOND NOTICE AND DISMISSAL

More than five months later, on April 30, 2019, the trial court signed an order placing J.C.'s petition on the dismissal docket and warned that it would be dismissed for want of prosecution on June 14 unless J.C. showed good cause to maintain the case on the court's active docket or unless "the case ha[d] been tried or otherwise disposed of by order of the Court" before June 14. *See* Tex. R. Civ. P. 165a(1). J.C. did nothing other than to ask the court coordinator for an "update" on the status of his DNA testing on June 21.[5] That same day, the trial court ordered J.C.'s petition dismissed for want of prosecution and without prejudice. *See* Tex. Fam. Code Ann.

---

[4]Apparently, J.C. filed a motion for forensic DNA testing relating to his criminal conviction. *See* Tex. Code Crim. Proc. Ann. art. 64.01. According to J.C., he was at the Tarrant County Jail for that testing from August 6 until October 15.

[5]This letter was filed June 21. J.C., who was still incarcerated, wrote on the letter that it had been "mailed . . . per – mailbox rule" on June 13. *See* Tex. R. Civ. P. 5. The envelope was postmarked June 17.

§ 160.635. At that point, J.C.'s petition had been pending in the trial court for over two years. *See* Tex. R. Civ. P. 165a(2) (providing case may be placed on dismissal docket if case not disposed of within administrative rules' time standards); Tex. R. Jud. Admin. 6.1(b)(1) (directing district courts to dispose of contested family-law cases within six months after the expiration of any required waiting period). The trial court signed a judgment of dismissal on June 24.

J.C. filed a notice of appeal on October 14, seeking to challenge the dismissal in a restricted appeal.

## II. RESTRICTED APPEAL

To bring a restricted appeal, an appellant must establish that (1) he filed a notice of appeal within six months of a signed order; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. Tex. R. App. P. 26.1(c), 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied). The first three elements are jurisdictional but the fourth, requiring error on the face of the record, is not. *E.H.*, 602 S.W.3d at 496–97. "The task of determining error on the face of the record ultimately requires an analysis of the merits of the appellant's grounds for appeal." *Id.* at 497.

## A. THE FIRST THREE JURISDICTIONAL ELEMENTS

The trial court signed the order dismissing J.C.'s petition on June 21, 2019, and J.C. filed his notice of appeal within six months of that date. J.C. was a party to the underlying suit and did not participate in any hearings or timely file any post-judgment motions. Thus, J.C. met the first three elements of a restricted appeal, invoking our jurisdiction. *See id.*

## B. THE FOURTH ELEMENT REGARDING THE MERITS OF THE APPEAL

To establish error on the face of the record, J.C. asserts in two appellate issues that the trial court (1) violated due process by failing to sufficiently notify him that his petition would be dismissed and by not having an in-person hearing before the dismissal and (2) abused its discretion by failing to hear and grant his motion for appointed counsel. In a restricted appeal, we may only consider evidence that was included in the appellate record and that was before the trial court at the time of the dismissal. *Pike-Grant*, 447 S.W.3d at 886–87; *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam); *Ex parte E.M.P.*, 572 S.W.3d 361, 363 (Tex. App.—Amarillo 2019, no pet.); *In re Expunction of M.T.*, 495 S.W.3d 617, 622 (Tex. App.—El Paso 2016, no pet.). "We apply the same scope of review in a restricted appeal as in an ordinary appeal; however, the standard of review differs in that, in a restricted appeal, the reviewing court may not draw inferences or presumptions from the record but, rather must look solely to the face of the record itself." *E.M.P.*, 572 S.W.3d at 363–

64; *see also Champion v. Estlow*, 456 S.W.3d 363, 364–65 (Tex. App.—Austin 2015, pet. denied).

"A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex. R. Civ. P. 165a; *see* Tex. Fam. Code Ann. §§ 160.601(b), 160.635. Before the court may dismiss a case, it must provide notice and an opportunity to be heard in response. *See* Tex. R. Civ. P. 165a(1); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 850–52 (Tex. 2004).

The trial court's April 30, 2019 notice clearly notified J.C. of what actions would and would not prevent dismissal on June 14:

> In accordance with Rule 165a, [J.C.'s petition has] been placed on a dismissal docket and will be DISMISSED FOR WANT OF PROSECUTION on June 14, 2019 at 10:00 A.M. unless there is good cause for the case to be maintained on the docket, or the case has been tried or otherwise disposed of by order of the Court **PRIOR TO THAT DATE.**

> Failure to appear without excuse will result in the dismissal of the case for want of prosecution or finalization of this matter. **Any subsequent filings after the dismissal notice has been submitted WILL NOT remove the case from dismissal docket.** It will be necessary to contact the Court Coordinator if a case has subsequent filings OR your case will be dismissed. If a motion to retain is filed, as is required by some courts, it must be filed and set for hearing prior to the dismissal date.

J.C. did nothing in response to this notice other than to ask the trial court clerk for the status of his DNA testing. And he waited almost two months to do that. We conclude that the face of the record indicates that J.C. received sufficient notice and

7

an opportunity to be heard before the dismissal, satisfying due process. *See Alexander*, 134 S.W.3d at 852; *Roman v. Halverson*, 587 S.W.3d 509, 512–13 (Tex. App.—El Paso 2019, pet. denied); *cf. Roberts v. Roberts*, No. 02-19-00223-CV, slip op. at 7–9 (Tex. App.—Fort Worth Nov. 19, 2020, no pet. h.) (mem. op.) (holding dismissal was abuse of discretion because pro se inmate responded twenty days before dismissal date and expressed his desire to prosecute his case and serve defendant); *Bouldon v. Boulden*, 133 S.W.3d 884, 886–87 (Tex. App.—Dallas 2004, no pet.) (holding trial court abused its discretion by dismissing for want of prosecution where inmate, after receiving notice of possible dismissal, sought bench warrant or to participate by conference call and "did everything he could to respond to the trial court's notice of dismissal").

We reject J.C.'s next argument that his due-process rights were violated by the trial court's failure to hold an in-person hearing before dismissal. J.C. was given notice of a specific day and time by which he was required to "appear" to show cause to continue his case, and he was warned that failure to do so would result in dismissal. The trial court's notice satisfied any requirement that J.C. be given an opportunity to be heard before dismissing his petition for want of prosecution. *See Alexander*, 134 S.W.3d at 852; *see also* Tex. R. Civ. P. 165a(1).

J.C.'s final argument is that the trial court abused its discretion by refusing to appoint him counsel. There is no general right to appointed counsel in a civil case. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003). Contrary to J.C.'s assertions in his motion for counsel, the Family Code does not require the appointment of counsel

to represent an indigent party in a petition to establish parentage where, as here, the termination of parental rights is not implicated. *See, e.g.*, *Sallie v. Doe*, No. 2-06-370-CV, 2007 WL 2285477, at \*3 (Tex. App.—Fort Worth Aug. 9, 2007, pet. denied) (per curiam) (mem. op.); *Wynn v. Johnson*, 200 S.W.3d 830, 831–32 (Tex. App.—Texarkana Aug. 24, 2006, no pet.); *Boullt v. Smith*, No. 03-02-00303-CV, 2004 WL 2357881, at \*3 (Tex. App.—Austin Oct. 21, 2004, no pet.) (mem. op.); *Wigfall v. Tex. Dep't of Crim. Justice*, 137 S.W.3d 268, 274–75 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *cf.* Tex. Fam. Code Ann. §§ 107.013(a), 157.163(d), 262.201(d) (conferring on indigent parent right to appointment of counsel in some suits affecting the parent–child relationship). Thus, the trial court did not abuse its discretion by failing to hear and grant J.C.'s motion.

## III. CONCLUSION

We overrule J.C.'s appellate issues. Accordingly, he has failed to show error apparent on the face of the record, thwarting his restricted appeal. We affirm the trial court's judgment of dismissal. *See* Tex. R. App. P. 43.2(a); *E.H.*, 602 S.W.3d at 497.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: November 19, 2020

9